# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL BLANCHER,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-CV-00997-KOB |
| **CITY OF BIRMINGHAM,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case comes before the court on Defendant City of Birmingham's "Partial Motion to Dismiss Plaintiff's Complaint," pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) For the reasons explained below, the court will **GRANT** the City's motion.

**A. Background**

Plaintiff Michael Blancher, a white male and nine-year veteran of the Birmingham Police Department, filed suit against the City of Birmingham on June 25, 2019, alleging (1) racial discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964. To support his two-count complaint, Mr. Blancher alleges that on January 6, 2018, he was called to the scene of a traffic accident featuring a pickup truck, driven by a white male, that collided with two other vehicles, including a car driven by a black female (the "victim"). (Doc. 1 at 4.) Mr. Blancher, the officer in charge of the scene, was accompanied by three other officers: one white male and two black females. (*Id.*)

According to the Complaint, while the victim was trapped in her vehicle and required assistance from paramedics to escape, "some witnesses" reported seeing the driver of the pickup truck throwing items off a nearby bridge, and "conflicting reports" existed as to whether

someone found bags of heroin at the scene. (*Id*.) Mr. Blancher alleges that he investigated the scene and, finding no indication that the truck driver was impaired, did not charge the truck driver with driving under the influence of drugs or alcohol. (*Id.*)

In the days that followed, according to the Complaint, one of the black female officers who was at the scene of the accident discovered that she personally knew the victim's mother. The officer told the victim's mother that the truck driver was intoxicated when his truck collided with the victim's car and that he threw items off a bridge immediately following the accident; she also told the victim's mother that someone found bags of heroin at the scene. (*Id.* at 5.) Based on this information, the victim's mother filed a complaint against Mr. Blancher with the City of Birmingham, and the victim's uncle sent an email to the mayor of Birmingham suggesting that racial bias influenced Mr. Blancher's decision to not criminally charge the truck driver. (*Id.*)

In March of 2018, about two months after the accident, a black female internal affairs officer interviewed both black female police officers who were present at the scene of the accident, as well as three witnesses at the scene, all of whom were also black and female. The internal affairs officer also interviewed Mr. Blancher, who denied knowledge of any drugs or alcohol at the scene of the accident. (*Id.*)

The internal affairs officer then submitted a "purposefully misleading" report to Birmingham Chief of Police (and black male) Orlando Wilson, who fired Mr. Blancher on March 21, 2018. (*Id.* at 6.) A series of bureaucratic reversals and appeals followed, culminating with Mr. Blancher's filing of a discrimination claim with the Equal Employment Opportunity Commission on September 18, 2018 and the instant case on June 25, 2019. (*Id.*)

Mr. Blancher brings two claims against the City of Birmingham: race discrimination and retaliation, both in violation of Title VII. The City's "Partial Motion to Dismiss," filed on August 26, 2019, seeks only to dismiss the retaliation claim. (Doc. 5.)

**B. Standard**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C. Analysis**

Although Mr. Blancher brings two claims against the City of Birmingham—race discrimination and retaliation—the City's short, ten-paragraph motion seeks only to dismiss the retaliation claim. (Doc. 5.) The City essentially argues that Mr. Blancher cannot allege retaliation because he did nothing the City could retaliate against. The City is correct.

Title VII prohibits retaliation when an employee "oppos[es] any practice made an unlawful employment practice by [Title VII]" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). The Eleventh Circuit has broken this statutory language into two distinct categories: the participation clause and the opposition clause. "The participation clause includes activity done in connection with proceedings conducted by the federal government and its agencies." *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1175 (11th Cir. 2000). Because this clause protects a plaintiff's

"participation" pursuant to an EEOC complaint, an EEOC complaint must exist *before* a plaintiff's activity is protected by the participation clause. *Parker v. Econ. Opportunity for Savannah-Chatham Cty. Area, Inc.*, 587 F. App'x 631, 634 (11th Cir. 2014). On the other hand, the opposition clause comes into play when a plaintiff engages in an "act" that is "directed at an unlawful employment practice of an employer," such complaining to a human resources department manager on behalf of one's self or someone else. *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997); *King v. Piggly Wiggly Ala. Distribution Co.*, 929 F. Supp. 2d 1215, 1225 (N.D. Ala. 2013).

Under either clause, a plaintiff who asserts a retaliation claim must show that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection existed between the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

In this case, Mr. Blancher's allegations fall within neither the participation clause nor the opposition clause. The participation clause does not apply because Mr. Blancher does not allege that he participated in any EEOC complaint—whether his own or someone else's—prior to his termination. The opposition clause does not apply because Mr. Blancher has only alleged one of the three required elements of the cause of action. Although Mr. Blancher can illustrate the second element—the materially adverse action of being fired—he has not alleged that he engaged in statutorily protected conduct or that causation existed between his conduct and his termination of employment.

An employee engages in statutorily protected conduct when he either formally or informally complains to his superiors or otherwise uses his employer's grievance procedures to draw attention to prohibited discrimination. *Rollins v. State of Fla. Dep't of Law Enforcement*,

868 F.2d 397, 400 (11th Cir. 1989). In the instant Complaint, the only actions attributed to Mr. Blancher before his dismissal in March of 2018 are that he (a) was present at the scene of a vehicular accident, (b) declined to charge a truck driver with any crime, and (c) fielded questions from the police department's internal affairs officer. (Doc. 1 at 3–6.) Mr. Blancher does not allege that he complained to any of his superiors, formally or otherwise, about any discrimination prohibited by Title VII. Without such an allegation, Mr. Blancher cannot support either the protected conduct or causation elements of his claim, and his entire retaliation count fails as a matter of law.

D. **Conclusion**

Because Mr. Blancher has not alleged that he engaged in statutorily protected activity under Title VII, his retaliation claim cannot stand. The court **WILL GRANT** the City's motion (Doc. 5) and **DISMISS** Mr. Blancher's retaliation claim (Count II) without prejudice. Mr. Blancher's race discrimination claim (Count I) remains. The court will enter a separate order accompanying this opinion.

**DONE** and **ORDERED** this 15th day of January, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE